Otto C. Jaeger, S.
The decedent died on May 2, 1964, and letters testamentary were issued to petitioners on May 22,1964. By subdivision “ 2 ” of paragraph “ third ” of decedent’s will, it was provided: ‘1 Sub-division 2: I do give and bequeath unto each of my daughters surviving me the sum of Ten thousand dollars ($10,000.00) each for their own uses and purposes absolutely. If, however, at the time of my decease either of my two daughters Cynthia or Deborah are under the age of twenty-one (21) years, in that event I do order and direct my executor to open a savings bank account in the name of each of my said daughters or my daughter under twenty-one (21) years of age, in such sum of Ten thousand dollars ($10,000.00). And upon my said executor delivering the savings bank book or pass book representing such account so opened in the name of my daughters or daughter so under twenty-one (21) years of age, against her written receipt for such pass book, such receipt will constitute a full acquittance and discharge of my executor for such payment notwithstanding the fact my said daughters or daughter may be an infant and notwithstanding any law, Court decision or other determination to the contrary holding ineffective or invalid any contract, receipt or release of an infant so made ” *13 The decedent’s daughters, Cynthia and Deborah, at the time of decedent’s death were, and are now, under the age of 21.
In this executors’ accounting proceeding the petitioning executors request that the court direct that the legacies to the said minors be paid in the manner provided by the will.
In the opinion of the court, such method of payment is contrary to the public policy of the State as embodied in section 271 of the Surrogate’s Court Act. That section provides that when a legacy is payable to an infant “ the decree or order shall direct that it be paid to his guardian ” or if there be no guardian that the sum payable to the infant be paid into or deposited with the Surrogate’s Court. The only exception is where the sum payable to the infant does not exceed $1,000, in which case the decree may direct that it be paid to his father or mother or to some competent person having an interest in his' welfare, for the use and benefit of the infant. Section 271 was obviously enacted for the protection of the infant and a testamentary provision which would deny that protection will not be given effect by the court.
The legacies payable to the infant daughters of the decedent under subdivision “ 2 ” of paragraph “ third ” of the will shall be paid to their general guardians, if appointed within 30 days from the settlement of the decree; otherwise said legacies shall be deposited with the Commissioner of Finance of Westchester County.
The fee of the firm of attorneys, one of whom is a co-executor, will be allowed in the amount requested for all legal services rendered and to be rendered to and including the settlement of the decree to be made herein. The decree shall provide for the payment of the balance due on account of the amount allowed for such attorneys’ fee after deducting the payments heretofore made on account of such fee.